# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES of AMERICA, | Criminal Action No. 19-707 (SRC) |
| Plaintiff, | |
| | **OPINION & ORDER** |
| v. | |
| KAMAL J. LOYAL, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), by Defendant Kamal J. Loyal ("Loyal"). On September 11, 2020, the Clerk of this Court received copies of two letters Loyal appears to have sent, the first to a lawyer, Joseph Rubino, and the second to the Bureau of Prisons ("BOP"). Loyal asked the Clerk of the Court to forward the letters to this Court. Both letters stated a request to obtain compassionate release from incarceration, due to confinement conditions involving Covid-19, either by way of release to home confinement or reduction of sentence to time served. The Government asks this Court to construe the letters as a *pro se* motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A), and this Court agrees.

While the letter to the BOP states no specific reasons why such relief should be granted, the letter to Mr. Rubino states that in the Essex County Jail, where Mr. Loyal was confined, Covid-19 had been spreading among the inmates and infection control measures were not available.

In opposition, the Government contends that the motion should be denied for three reasons: 1) Loyal has not exhausted his administrative remedies; 2) Loyal has not established any reasons to reduce his sentence, let alone extraordinary and compelling ones; and 3) the § 3553(a) factors strongly favor continued incarceration. The Government states that Loyal has continued to be confined at the Essex County Correctional Facility.

In making the present motion, Loyal has:

> moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. This provision empowers a court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Until passage of the First Step Act, only the Bureau of Prisons could bring a motion for compassionate release. The First Step Act created an independent avenue for defendants to seek relief from the federal courts.

United States v. Ebbers, 2020 U.S. Dist. LEXIS 3746, at *1-2 (S.D.N.Y. Jan. 8, 2020) (citations omitted.) The relevant provision states:

> (c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) [18 USCS § 3559(c)], for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any

> other person or the community, as provided under section 3142(g) [18 USCS § 3142];
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582.

Loyal moves for compassionate release on the ground that extraordinary and compelling reasons warrant a modification of his sentence. As a sister Court has explained:

> We evaluate compassionate release based on three factors. First, we address whether "extraordinary and compelling reasons warrant the reduction" and whether the reduction is consistent with the Sentencing Commission's policy statements in effect before the First Step Act. Second, we determine whether [defendant] is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Third, we must consider the factors listed in 18 U.S.C. § 3553(a), "to the extent they are applicable."

United States v. Sotelo, 2019 U.S. Dist. LEXIS 135051, at *12 (E.D. Pa. Aug. 7, 2019). As the movant, Loyal bears the burden to establish that he is eligible for a sentence reduction. United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Government contends that Loyal has not made any showing that extraordinary and compelling reasons warrant the reduction, inasmuch as Loyal has cited only a generalized concern about the risk of infection with Covid-19. The Government cites the Third Circuit's statement on this subject:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like Raia. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.

United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). The Third Circuit has thus made clear that the possibility that Covid-19 may spread to Loyal's jail unit cannot, without more, justify compassionate release. Loyal has made no showing of an extraordinary or compelling reason for a reduction of sentence. Nor, as the Government points out, has Loyal shown a plan for protection from Covid-19 on release such that he is at a higher risk of contracting COVID-19 while confined than he would be if he were released.

The Government next argues that the § 3553(a) factors militate strongly in favor of continued incarceration, and that Loyal is not an appropriate candidate for a reduction of his sentence, on three grounds: 1) Loyal's crime was very serious, as he carjacked an elderly woman; 2) Loyal's prior criminal convictions place him in a history category III; and 3) Loyal was sentenced at the low end of his Guidelines range, and further reducing his sentence will interfere with its deterrent effect.

This Court finds the Government's arguments persuasive. Even if, *arguendo*, Loyal is considered to have exhausted his administrative remedies with the BOP, the absence of any showing of extraordinary and compelling reasons for a reduction in sentence, and this Court's weighing of the § 3553(a) factors, does not support granting Loyal's motion for a reduction in sentence.

The Government further observes that, to the extent that Loyal asked this Court to Order his release to home confinement, this Court lacks the authority to grant such relief: the law

authorizes only the BOP to make such a decision.  18 U.S.C. § 3621(b).  The Government is correct.

The motion for compassionate release will be denied.

For these reasons,

**IT IS** on this 6th day of May, 2021,

**ORDERED** that Defendant's motion for compassionate release (Docket Entry No. 27) is **DENIED**.

 s/ Stanley R. Chesler  
Stanley R. Chesler, U.S.D.J